(No. 47782.—

KENNETH HENKE, Appellee, v. CITY OF ZION *et al.*, Appellants.

*Opinion filed March 18, 1976.*

Edward F. Dolinar, of Zion, for appellants.

Kenneth R. Welker and Bruno W. Stanczak, of Stanczak and Zagoras, of Waukegan, for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

This is a direct appeal, pursuant to Rule 302(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 302(a)), from a decision of the circuit court of Lake County which held unconstitutional section 1 of "An Act to authorize county boards in counties under township organization, to organize certain territory situated therein as a town, and to provide for annexation of territory to and the disconnecting of territory from said town" (hereinafter referred to as the Act) (Ill. Rev. Stat. 1973, ch. 139, par. 127).

Kenneth Henke, individually and as supervisor of Benton Township, filed a suit for declaratory judgment, injunctive relief and *mandamus* against the city of Zion, the townships of Zion and Benton, and Grace Mary Stern, county clerk of Lake County. The complaint alleged that

the city of Zion had annexed, and was in the process of preparing to annex, certain parcels of land located in Benton Township. The complaint further alleged that, because the boundaries of the city of Zion and the township of Zion are coterminous, each such annexation by the city of Zion effected an annexation by the township of Zion, pursuant to section 1 of the Act. The result was asserted to be a "division of township boundaries without referendum" in violation of, *inter alia,* section 5 of article VII of the 1970 Constitution (Ill. Const. 1970, art. VII, sec. 5).

The circuit court of Lake County issued a declaratory judgment that the defendants had no right to enforce section 1 of the Act, since this section was unconstitutional. The court further permanently enjoined the defendant county clerk from altering the boundaries of Zion and Benton townships without prior approval by public referendum, and ordered the issuance of a writ of *mandamus* commanding said clerk to correct or cause to be corrected the boundaries of the respective townships to reflect the makeup existing on July 1, 1971. This appeal followed.

The issue is whether the challenged annexation practices cause a "division" of Benton Township within the meaning of section 5 of article VII of the 1970 Constitution (Ill. Const. 1970, art. VII, sec. 5). We find that this precise issue was resolved by this court in *Springfield Lakeshore Improvement Ass'n v. City of Springfield,* 62 Ill.2d 173.

We conclude that our holding in *Springfield* is fully dispositive of all issues presented by this appeal. The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*